IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARON DEPELLIGRIN, | ) |
| Plaintiffs, | ) Civil Action No. 2:11-cv-01579 |
| v. | ) Judge Mark R. Hornak |
| A&L MOTOR SALES, LLC, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Before the Court is a Motion to Dismiss the Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant A&L Motor Sales, LLC ("A&L Motors"). ECF No. 11. The Court has considered A&L Motor's Motion and the various briefs in support of and in opposition to this Motion. ECF Nos. 11-14. This matter is ripe for disposition, and, for the reasons that follow, A&L Motor's Motion to Dismiss is DENIED.

### I. BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the factual allegations in the Amended Complaint as true and draw all reasonable inferences in Depelligrin's favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009). Therefore, for the purposes of disposition of A&L Motors' Motion to Dismiss, the essential facts are as follows.

Depelligrin alleges that A&L Motors discriminated against him on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 (2006), and on the basis of age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 623 (2006 & Supp. 2010). He also contents A&L Motors conduct runs afoul of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Const. Stat. Ann. § 952 (West 2009).

Depelligrin is a 72 year-old male currently residing in New Kensington, Pennsylvania. On June 16, 2009, at the age of 70, he began working for A&L Motors as a driver of BMW, Land Rover, and Jaguar vehicles. Depelligrin performed his driver duties well in that he possessed "very good customer relationship skills," never suffered an accident, and received appreciation letters from his customers. Am. Compl. ¶ 17.

On December 1, 2010, Depelligrin's manager, Brian Rosal ("Rosal"), informed Depelligrin that he was fired. When Depelligrin inquired into the reason for his termination, Rosal responded that Depelligrin had done nothing wrong and stated "I just have to let you go." Am. Compl. ¶ 19. Depelligrin later asked a similar question of one of the owners of A&L Motors, Brian Lanfrom ("Lanfrom"), who responded that he (Lanfrom) did not interfere with the "Office" when it came to personnel decisions. Am. Compl. ¶¶ 20-21. Lanfrom then offered to provide Depelligrin with a "good reference." Am. Compl. ¶ 21. Depelligrin believes that a woman named "Kim," who was A&L Motors' office manager at this time, fired Depelligrin with the "sole purpose" of placing a less qualified, younger, female employee in his driver position. Depelligrin was 71 years old when A&L Motors fired him.

A&L Motors replaced Depelligrin with an allegedly less-qualified, 22 year old, female named Hailey Pavilicko ("Pavilicko"), whose husband also worked for A&L Motors as an

2

automotive technician. Prior to her receiving the driver position, A&L Motors employed Pavilicko as a car washer and secretary. Her supposed lack of qualifications for the driver position is underscored by the fact that A&L Motors also terminated Pavilicko in "short order." Am. Compl. ¶ 25.

Depelligrin filed a Complaint in this Court on December 13, 2011, asserting that he has exhausted the requisite administrative remedies and timely filed this suit. ECF No. 1. He then submitted an Amended Complaint on March 1, 2012 in response to A&L Motors' First Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 7, 10. A&L Motors again moves for dismissal, arguing that Depelligrin still fails, in his Amended Complaint, to state a claim upon which this Court can grant relief. ECF No. 11.

## *II.* *LEGAL STANDARD*

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to a heightened standard of fact pleading. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).

Building upon the landmark United States Supreme Court decisions of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit recently explained that a district court must take three steps to determine the sufficiency of a complaint:

> First, the Court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the Court should identify allegations that, "because they are no

3

> more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679) (internal citations omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *See Iqbal*, 556 U.S. at 679. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*; *see also Fowler*, 578 F.3d at 210-11.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the alleged facts or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will survive a motion to dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 213.

### III. DISCUSSION

REVERSE GENDER DISCRIMINATION UNDER TITLE VII

Title VII prohibits an employer from discriminating, in relevant part, against an employee on the basis of an employee's sex. 42 U.S.C. § 2000e-2(a)(1). This prohibition extends to circumstances of so-called "reverse discrimination" where the alleged perpetrator of the

4

discriminatory act is a member of a minority, and the recipient of such discriminatory animus is a member of a majority. *Iadimarco v. Runyon*, 190 F.3d 151, 157 (3d Cir. 1999). When bringing a discrimination claim, rarely will an employee have the ability to produce direct evidence of his employer's discriminatory actions. *Id.* The Supreme Court recognized this evidentiary hurdle by noting that an employer who discriminates will almost never announce a discriminatory animus. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

To address this problem of proof, the Court created the now familiar burden-shifting analysis in *McDonnell Douglas*, where a plaintiff bears the initial burden of establishing a prima facie case of employment discrimination. *Id.* A prima facie case of an employment discrimination claim grounded on Title VII requires that the plaintiff show that 1) he is a member of a protected class, 2) he was qualified to perform his job, 3) he suffered an adverse employment action, and 4) circumstances existed related to this action that give rise to an inference of discrimination. *Wilkins v. Bozzuto & Associates, Inc.*, No. 09-2581, 2009 WL 475638, at *2 (E.D. Pa. Dec. 10, 2009). In a "reverse discrimination" suit, the first element, that the plaintiff is a member of a protected class, exists in a modified form and so instead mandates that a plaintiff "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." *Iadimarco*, 190 F.3d at 161.[1]

---

[1] Under the *McDonnell Douglas* construct, if a plaintiff demonstrates the existence of a prima facie case, the defendant is then required to articulate a legitimate, non-discriminatory basis for the challenged employment actions. 411 U.S. at 802-03. If that occurs, the issue is then joined, and the plaintiff may prevail by showing that the proffered reason is not worthy of belief, e.g., it is a pretext. *Id.* at 803. To that end, A&L Motors posits, briefly, that Depelligrin was subject to an adverse employment action because of nepotism, which is not actionable under Title VII. *Bradley v. Aria Health*, Doc. No. 10-5633, 2011 WL 2411026, at *3 (E.D. Pa. June 15, 2011); Def. Mot. to Dis. ¶ 22, ECF No. 11. However, the factual record is not sufficiently developed at this juncture to give credence to this assertion, and, even if there was a factual basis for that assertion, it is an argument more suited for consideration on summary judgment or at trial.

However, to maintain a claim under Title VII, at the motion to dismiss stage, a plaintiff need not allege facts that satisfy the initial prong of *McDonnell Douglas*, in other words, he need not demonstrate a prima facie case of illegal employment discrimination. *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 510-11 (2002). Justice Thomas, writing for the a unanimous Court in *Swierkiewicz*, emphasized that "[the Supreme Court] has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511. Thus, the pleading standard necessary to survive a motion to dismiss is no different than the one set forth by Federal Rule of Civil Procedure 8(a)(2), which provides, in relevant part, that a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief." *Id.* at 512 (quoting Fed. R. Civ. Pro. 8(a)(2)). This Court therefore reviews Depelligrin's "reverse gender discrimination" claim in his Amended Complaint under the rubric of this rule and in the light of the precedent interpreting it, including the seminal cases of *Iqbal* and *Twombly*. *See Twombly*, 550 U.S. at 569-70. (explaining that the Court's holding did not run counter to *Sweirkiewicz*, because the Court was not requiring a heightened standard of fact pleading, but "only enough facts to state a claim to relief that is plausible on its face").

When reviewing the facts of Depelligrin's Amended Complaint under Rule 8 and relevant precedent, including taking such facts as true and resolving all doubts in his favor, he plainly sets forth a valid claim of employment discrimination under Title VII. In fact, Depelligrin's assertions satisfy the first prong of the *McDonnell Douglas* framework by demonstrating a prima facie case of employment discrimination, even though his pleading need not reach such an elevated threshold at this stage in the proceedings. Depelligrin pled in support of his "reverse gender discrimination" claim that he is a male who was fired by A&L Motors'

6

female office manager, Kim, because of his gender. Am. Compl. ¶¶ 26-27, 31. Depelligrin claims that he was qualified for the driver position in that he possessed good customer relationship skills, never suffered an accident, and received customer-appreciation letters. Am. Compl. ¶¶ 17, 25, 28. In further support of his qualifications, Depelligrin notes that his direct manager, Rosal, assured Depelligrin that he had not committed any wrong that would warrant his termination. In addition to Rosal's assurances, Lanfrom, one of A&L Motors' owners, offered to provide Depelligrin with a "good reference." Am. Compl. ¶¶ 19, 21.

In contrast to his alleged stellar work performance and qualifications, Depelligrin alleges that his female replacement, Pavilicko, was less qualified to perform the work of a driver because her prior work at A&L motors consisted of car washing and secretarial duties, neither of which relate to the skills necessary for the driver position. A&L Motors accordingly fired Pavilicko from Depelligrin's former position in "short order." Am. Compl. ¶ 25. These factual allegations, when taken as true, certainly raise at least a plausible inference that A&L Motors removed Depelligrin as the result of an impermissible, gender-based animus and, as the Court previously noted, actually fulfill the elements of a prima facie case of gender discrimination under Title VII.[2] Dismissal of this claim is, therefore, inappropriate at this stage in the proceedings.

---

[2] A&L Motors directs this Court to Judge DuBois's opinion in *Bradley v. Aria Health*, Doc. No. 10-5633, 2011 WL 2411026 (E.D. Pa. June 15, 2011) and Judge Rufe's opinion in *Wilkins v. Bozzuto & Associates, Inc.*, No. 09-2581, 2009 WL 4756381 (E.D. Pa. Dec. 10, 2009) in support of their causation-based argument that Depelligrin's "largely boilerplate, conclusory allegations. . . do not permit an inference of discrimination," or, in other words, it is not "plausible" that Depelligrin was terminated "because of" his gender. Def.'s Br. in Supp. of Mot. to Dismiss First Am. Compl. 3-4, ECF. No. 12. Regardless of whether the application of those cases would be appropriate in the first instance, in light of *Swierkiewicz*, *Iqbal*, and *Thombly*, the Court finds that Depelligrin has (1) pled his case more robustly than the *Bradley* and *Wilkins* plaintiffs and (2) alleged facts in the Amended Complaint that are neither "boilerplate" nor "conclusory," making dismissal of his "reverse gender discrimination" claim, by any standard, unwarranted at this time. A&L Motors' argument that much of Depelligrin's pleading's robustness occurred after he amended his original Complaint and should, therefore, be viewed with skepticism is beside the point, given that Federal Rule of Civil Procedure 15(a)(1) permits such an amendment "as a matter of course," and the Court must accept Depelligrin's factual allegations as true when resolving the Motion to Dismiss.

AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

The ADEA prohibits an employer from discriminating against an employee because of the employee's age. *Molisee v. Securitas Sec. Services, USA, Inc.*, No. 11-1056, 2012 WL 13698, *5 (W.D. Pa. Jan. 4, 2012). Similar to claims under Title VII, age discrimination cases under the ADEA are subject to the *McDonnell Douglas* burden-shifting framework. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009). Regarding the initial requirement of *McDonnall Douglas*, the elements of a prima facie claim under the ADEA are that (1) the employee was at least forty years old; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the person who received the position was sufficiently younger to support an inference of discriminatory intent. *Swain v. City of Vineland*, 457 F. App'x 107, 110 (3d Cir. 2012).

As this Court noted when analyzing Depelligrin's Title VII allegations, the *McDonnell Douglas* framework does not mandate that a plaintiff prove a prima facie case of age discrimination in order to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 510-11. However, similar to his Title VII claim, Depelligrin has indeed pled such a case. The additional factual assertions that are relevant to his ADEA claim are Depelligrin's allegations that he was 71 years old at the time of his termination and that he was replaced by a 22-year old individual. Am. Compl. ¶¶ 27, 29. This large disparity between Depelligrin's and Pavilicko's ages, along with the Depelligrin's claims that he was an exemplary employee and that Pavilicko lacked the necessary qualifications for the driver position, makes it at least plausible that Depelligrin was terminated "because of" his age. *Molisee*, 2012 WL 13698 at *5. Accordingly, A&L Motors Motion to Dismiss as to Depelligrin's ADEA claim is denied.[3]

---

[3] A&L Motors again directs the Court to two cases in support of its Motion to Dismiss Depelligrin's ADEA claim: *Nance v. City of New York*, No. 09-CV-2786, 2011 WL 2837491 (E.D.N.Y. July 14, 2011) and *Zucker v. Five*

8

ALLEGED DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

The requirements for stating a claim under the PHRA substantively mirror those of Title VII and the ADEA and, therefore, should be interpreted identically. *Weston v. Comwlth. of Pennsylvania*, 251 F.3d 420, 425 n. 3 (3d Cir. 2011); *Schwoebel v. Catholic Diocese of Pittsburgh*, No. 2:06-cv-533, 2007 WL 4302097, at *5 (W.D. Pa. Dec. 6, 2007); *Cobetto v. Wyeth Pharmaceuticals*, 619 F. Supp. 2d 142, 152 (W.D. Pa. 2007). As dismissal at this early stage in the proceedings is unwarranted for Depelligrin's Title VII and ADEA claims, so too is it inappropriate for his PHRA claim.

## IV.   CONCLUSION

For the foregoing reasons, A&L Motors' Motion to Dismiss Plaintiff's First Amended Complaint is denied. An appropriate order will enter.

Mark R. Hornak
United States District Judge

Dated: July 27, 2012

cc: All Counsel of Record

---

*College*, No. 09-cv-4884 (JS) (AKT), 2010 WL 3310698 (E.D.N.Y. 2010). Unlike the situation in *Zucker*, Depelligrin has alleged sufficient facts to "nudge" his case sufficiently beyond the *Iqbal* plausibility line, and his case does not present the procedural bars to suit that were central to the holding in *Nance*. 2010 WL 3310698, at *2; 2011 WL 2837491, at *2. Depelligrin has provided enough facts for his ADEA claim to survive dismissal.